{¶ 53} I concur with the majority's conclusion, but write separately to emphasize the fact that the trial court did not ignore a mandate from this court to conduct a new trial, but instead allowed the parties to complete necessary discovery. The trial court's actions were not only within its jurisdiction but were also a necessary precursor before conducting a new trial.
 {¶ 54} Civ.R. 26(A) states that "[i]t is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts."
 {¶ 55} In accord with this policy, and as the majority found, "[o]nce the court ordered the new trial, matters stood in the same position they did before any trial had been conducted. It follows that the [trial] court possessed all authority to reopen discovery or entertain any pretrial motions available at law." (Majority Opinion at 16). I agree.
 {¶ 56} When this Court affirmed the trial court's order granting a new trial, the case was returned to the trial court to complete discovery and proceed to a new trial. In accord with this procedure, Larkins filed a demand for discovery, a motion for bill of particulars, and a request for evidence notice.
 {¶ 57} The passage of twenty-three years and a multitude of appeals has brought with it a continuing need for current and updated discovery. The allowance of such discovery is permissible not only to comply with the rules of civil procedure but to protect a defendant's rights following a lengthy trial delay. This point is clearly evidenced by the fact that eight defense witnesses are now deceased, six defense witnesses have unknown addresses, ten of the state's witnesses have no known address, and the state has no Grand Jury testimony. (Journal Entry at 4). In addition, the record reflects that a number of the investigating police officers have since died, including Detectives Beavers, Hubbard, Rowell, Carbone, McKibben and Patrol Officer Kinsey.
 {¶ 58} What the state fails to appreciate is that this court's affirmance of the decision to grant a new trial did not divest the trial court of its continuing powers of jurisdiction over any further actions of the parties. Instead, the passage of time has mandated the trial court's continued participation in this discovery process before proceeding to trial. And, as the majority found, it is unfeasible to suggest that following our remand in Larkins I, that the only course of action would be to immediately convene a jury and commence trial.
 {¶ 59} While the state contends that by dismissing the indictment the trial court ignored this court's mandate that it conduct a new trial, this logic ignores the basic need for continued discovery in a case where it has been "some 23 years since the murder and almost 19 since the indictment." (Journal Entry at 1).
 {¶ 60} In its entry, the trial court was clear to emphasize that regardless of the violation's classification, the extreme passage of time has operated to "trump" any cursory label of the violation. I agree, and would find that such logic is the basis behind the discovery provision itself.
 DISSENTING OPINION